IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOHN AMEEN ABDULLAH, 1184896,<br>　　　　　Petitioner, | )<br>)<br>) |
| v. | )　　No. 3:08-CV-2258-G |
| RICK THALER, Director, Texas<br>Dept. Of Criminal Justice, Correctional<br>Institutions Division,<br>　　　　　Respondent. | )<br>)<br>)<br>)<br>) |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

**I. Background**

Petitioner challenges his conviction for aggravated robbery enhanced by a prior felony conviction. *State of Texas v. John Abdullah*, No. F-03-01163-VK (Crim. Dist. Ct. No. 4, Dallas County, Tex. Jul. 31, 2003). Petitioner entered an open plea to the charges and was sentenced to thirty years confinement.

On June 10, 2004, the Sixth Court of Appeals affirmed Petitioner's conviction and sentence. *Abdullah v. State*, No. 06-03-00222-CR (Tex. App. – Texarkana, 2004). Petitioner did not file a petition for discretionary review.

Petitioner filed several state habeas petitions. On October 23, 2003, Petitioner filed his first state habeas petition, which was dismissed because Petitioner's direct appeal was still pending. *Ex parte Abdullah*, No. 57,622-01. On February 15, 2005, Petitioner filed a second

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**　　Page -1-

habeas petition. *Ex parte Abdullah*, No. 57,622-02. On December 21, 2005, the Court of Criminal Appeals denied the petition without written order on the findings of the trial court. On March 15, 2006, Petitioner filed his third habeas petition. *Ex parte Abdullah*, No. 57,622-03. On May 24, 2006, the Court of Criminal Appeals dismissed the petition as a subsequent petition. On October 3, 2006, Petitioner filed his fourth state habeas petition. *Ex parte Abdullah*, No. 57,622-04. On November 8, 2006, the Court of Criminal Appeals dismissed the petition as a subsequent petition. On April 23, 2008, Petitioner filed a fifth state habeas petition. *Ex parte Abdullah*, No. 57,622-05. On July 2, 2008, the Court of Criminal Appeals dismissed the petition as a subsequent petition.

On December 18, 2008, Petitioner filed the instant § 2254 petition. He argues he received ineffective assistance of counsel because counsel failed to inform him that the state offered a twenty-year plea bargain.

On April 27, 2009, Respondent filed his answer arguing the petition is barred by the one-year statute of limitations. The Court now determines the petition is barred by limitations and should be dismissed.

## II. Discussion

### A. Statute of Limitations

Petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the AEDPA governs the present petition. *See Lindh v. Murphy*, 521 U.S. 320 (1997). The AEDPA establishes a one-year statute of limitations for federal habeas proceedings. *See* Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996).

In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired. *See* 28 U.S.C. § 2244(d)(1)(A).[1] This period is tolled while a properly filed motion for state post-conviction relief or other collateral review is pending. *Id.* § 2244(d)(2).

1.  **Date Conviction Became Final**

On June 10, 2004, the Sixth District Court of Appeals affirmed the conviction and sentence. Petitioner did not file a petition for discretionary review. His conviction therefore became final thirty days later, on July 12, 2004.[2] *See* Tex. R. App. P. 68.2 (PDR must be filed within 30 days after court of appeals renders judgment or overrules motion for rehearing); *see*

---

[1] The statute provides that the limitations period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

[2] Thirty days from June 10, 2004, was Saturday, July 10, 2004. Pursuant to Tex. R. App. P. 4(a), Petitioner's conviction became final on Monday, July 12, 2004.

*also Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003) (state conviction becomes final for limitations purposes when time for seeking further direct review expires, regardless of when mandate issues). Petitioner then had one year, or until July 12, 2005, to file his federal petition.

The filing of a state application for habeas corpus tolls the statute of limitations. *See* 28 U.S.C. § 2244 (d)(2). On February 15, 2005, Petitioner filed a state habeas petition. This petition tolled the limitations period for 309 days, when it was denied on December 21, 2005. When 309 days are added to the limitations period, Petitioner's new filing deadline became May 17, 2006. Petitioner filed another state habeas petition on March 15, 2006, this petition tolled the limitations period for 70 days, until it was dismissed on May 24, 2006. When 70 days are added to the limitations period, Petitioner's new filing deadline became Wednesday, July 26, 2006. Petitioner did not file his next state habeas petition until October 3, 2006, which was after his federal filing deadline. This October 3, 2006, state habeas petition therefore did not toll the limitations period. Petitioner's federal petition was due by July 26, 2006. He did not file this petition until December 18, 2008. The petition is therefore untimely.

 2. **Date of Factual Predicate**

Alternatively, Petitioner argues the limitations period should run from the date the factual predicate of his claim became discovered. He states he did not discover the existence of his claim until March, 2008, because his attorney had possession of all the court records. (Pet. Mem. at 7.) The record shows, however, that in response to Petitioner's second state habeas petition, defense counsel submitted an affidavit on May 31, 2005, stating that he informed Petitioner of the twenty-year plea bargain offer and Petitioner declined to accept the offer. (*Ex parte Abdullah*, No. 57,622-02 at 59.) On December 21, 2005, the Court of Criminal Appeals

denied this habeas petition. If the Court starts the limitations period from the date the Texas Court of Criminal Appeals denied this petition, Petitioner's federal petition is still untimely.

Starting the limitations period on December 21, 2005, the limitations period would have expired one year later, or on December 21, 2006. On March 15, 2006, Petitioner filed a state habeas petition that was pending 70 days before it was denied. Adding 70 days to the limitations period, makes March 1, 2007, the new federal deadline. On October 3, 2006, Petitioner filed his fourth state habeas petition. This petition was pending 36 days before it was dismissed. When 36 days are added to March 1, 2007, the deadline becomes Friday, April 6, 2007. Petitioner's fifth state habeas petition was after this April 6, 2007, deadline and it therefore did not toll the limitations period. Petitioner's federal petition was due no later than Friday, April 6, 2007. He did not file the petition until December 18, 2008. This petition is therefore untimely.

### B. Equitable Tolling

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996)). Petitioner bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Petitioner has not shown that he diligently pursued his remedies or that he was prevented in some extraordinary way from asserting his rights. *See Coleman,* 184 F.3d at 402 (5th Cir. 1999) (stating that for equitable tolling to apply, the applicant must diligently pursue habeas corpus relief). Petitioner has failed to show rare and exceptional circumstances justifying equitable tolling in this case.

**RECOMMENDATION**:

The Court recommends that the petition for a writ of habeas corpus be dismissed with prejudice as barred by the one-year limitation period. *See* 28 U.S.C. §2244(d).

Signed this 20th day of April, 2011.

_____
**PAUL D. STICKNEY**
**UNITED STATES MAGISTRATE JUDGE**

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).